AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS, demandante y apelada, *v.* ISMAEL REYES JIMÉNEZ y FÉLIX A. LEÓN, demandados y apelante el primero.

Número 11116.
*Sometido:* 1 de abril de 1954. *Resuelto:* 3 de agosto de 1954.

*Otero Suro & Otero Suro,* abogados del apelante; *Manuel A. Bustelo y Augusto Palmer,* abogados de la apelada; *Miranda Esteves & Martínez Álvarez, Jr.,* abogados del Sr. Félix A. León.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

La Autoridad de Acueductos y Alcantarillados presentó en la Sala de Bayamón del Tribunal Superior una demanda sobre reclamaciones opuestas ("interpleader") en que alega que el 18 de febrero de 1947 el codemandado Ismael Reyes Jiménez firmó con la Autoridad un contrato para la construcción del

alcantarillado sanitario de Cabo Rojo, habiendo llevado a cabo Reyes Jiménez parte de la labor de construcción; que posteriormente y mediante acuerdo entre ambos demandados, el codemandado Félix A. León continuó y terminó las obras de ese alcantarillado; que en virtud del contrato original firmado por Reyes Jiménez con la Autoridad, esta última retuvo, luego de aceptadas las obras, la suma de $5,635.76, cantidad que está pendiente de hacerse efectiva ya que, en virtud de ese contrato original, que está en pleno vigor, la Autoridad, una vez terminadas las obras, podía retener esa cantidad hasta tanto el contratista presentase una declaración jurada haciendo constar que las deudas y reclamaciones que surgían de las obras habían sido pagadas; que, en un litigio tramitado en la Sala de Bayamón entre los dos codemandados (Civil Núm. R–4707) el tribunal de Bayamón había dictado una sentencia en la que dictaminaba que cualquier beneficio que produjera el contrato firmado por Reyes Jiménez y la Autoridad en cuanto a tales obras pertenece a Félix A. León, haciéndose éste responsable de las deudas y obligaciones, si algunas existieran, con motivo de la construcción del alcantarillado de referencia; que León ha solicitado de la Autoridad la entrega de la cantidad ya mencionada, alegando su derecho bajo tal sentencia, pero que también Reyes Jiménez ha presentado a la Autoridad una declaración jurada haciendo constar que existen ciertas deudas con motivo de la construcción del alcantarillado, las cuales fueron satisfechas por él después del acuerdo llevado a cabo entre él y León, cuyas deudas, según la declaración jurada, deben pagársele a Reyes Jiménez de la cantidad retenida por la Autoridad. Expone la Autoridad que, a los fines de que se resuelva la controversia entre Reyes Jiménez y León en cuanto a esa cantidad de dinero, la Autoridad deposita en el tribunal de Bayamón la suma indicada, para que el tribunal resuelva sobre el particular.

El codemandado Reyes Jiménez presentó una contestación a la demanda de la Autoridad en que acepta los hechos esenciales en ella expuestos, pero alega que León no tiene derecho

a que se le entregue la suma ya indicada, por estar León adeudando a Reyes Jiménez cierta cantidad de dinero con motivo de la construcción del alcantarillado, habiéndose ya resuelto, en virtud de la sentencia dictada en el caso núm. R–4707, el pago de tales deudas. Expone además Reyes Jiménez que, con posterioridad a la sentencia dictada en el caso ya mencionado, Reyes Jiménez presentó en el propio tribunal de Bayamón una demanda contra Félix A. León, en el caso civil CS–53–225, en que le reclama las sumas que éste le adeuda con motivo de la construcción de ciertas obras, entre otras, del alcantarillado de Cabo Rojo, "cuya acción puede consolidarse con la de autos para que sean resueltas, de una vez, todas las reclamaciones que entre sí tengan los codemandados."

El codemandado Félix A. León presentó una moción en que solicitaba que se desestimase la demanda interpuesta por la Autoridad, por "no aducir hechos constitutivos de causa de acción", ya que de la faz de la demanda surgen los términos de la sentencia dictada en el caso núm. R–4707 y que, en virtud de esa sentencia, León tiene el derecho a que se le entregue la cantidad depositada, por lo que solicitó León, en su moción, que se le entregase tal suma de dinero. Reyes Jiménez presentó una oposición a la moción de desestimación, alegando que, aunque en virtud de la sentencia ya dictada, León es dueño de los fondos en poder de la Autoridad, "lo cierto es que el codemandado Reyes Jiménez está reclamando a dicha demandante la totalidad o parte de la suma depositada en este caso, por disponer dicha sentencia dictada en el caso civil núm. R–4707 que el codemandado Félix A. León viene obligado a satisfacer las deudas del Proyecto de Alcantarillado de Cabo Rojo y el compareciente demandado tener reclamación legítima contra dicho Félix A. León por razón de dichas obras, las que están expuestas en el caso civil núm. CS–53–225 de este tribunal"; que la cantidad depositada es el producto del 10% retenido del proyecto de Cabo Rojo para satisfacer las deudas de dicho proyecto que estu-

vieren pendientes de pago a la terminación del mismo; que en el caso civil CS–53–225 "se está reclamando a dicho Félix A. León la suma de $5,374.32, $4,374.32 de cuya suma reclamada corresponden a deudas satisfechas o a ser satisfechas por el compareciente y que corresponden satisfacer a Félix A. León, de acuerdo con lo resuelto en el caso R–4707 de este tribunal" y que la suma depositada en corte debe destinarse al pago de dichas deudas.

Se celebró la vista sobre la moción de León, "para desestimar y sobre entrega de cantidad." Después de haber oído los argumentos de los codemandados, y sin haberse presentado prueba de clase alguna, el tribunal a quo dictó una resolución en corte abierta, en la forma siguiente:

"en vista de lo resuelto por este tribunal en el caso civil R–4707, donde fué dictada sentencia, que es firme, y en vista de que con motivo de tal sentencia la Autoridad de Acueductos y Alcantarillados de Puerto Rico ha depositado el dinero envuelto en el litigio mencionado en la secretaría del tribunal, se ordena que el mismo sea entregado al Sr. Félix A. León, quien es el propietario de ese dinero."

Esa resolución puso fin al litigio entablado en este caso, y por lo tanto, debe ser considerada como una sentencia. Reyes Jiménez ha apelado ante este Tribunal y alega, especialmente, que el tribunal de Bayamón resolvió el caso sin darle su día en corte y sin concederle la oportunidad de presentar prueba para demostrar que León le adeudaba a él la suma depositada, en virtud de ciertas deudas que habían surgido de la construcción del alcantarillado de Cabo Rojo.

No se ha elevado ante nos la sentencia dictada por el tribunal de Bayamón en el caso anterior, civil núm. R–4707. Pero ambas partes admiten que en esa sentencia se dispone que cualquier beneficio que produjera el contrato del alcantarillado de Cabo Rojo corresponde a Félix A. León; que la cantidad de dinero depositada es de la exclusiva propiedad y pertenencia de León, pero que León es responsable de las deudas y obligaciones, si algunas existieran, con motivo de ese

proyecto.   El tribunal de Bayamón consideró que tal senten-
cia anterior es concluyente y constituye cosa juzgada ("res-
judicata") para ambas partes, en cuanto al pronunciamiento
de que León es el dueño de la suma depositada en el tribunal.
Sin embargo, la sentencia también es concluyente en cuanto
al pronunciamiento de que León es responsable de las deudas
y obligaciones que hubiesen surgido del contrato de la cons-
trucción del alcantarillado de Cabo Rojo.   Reyes Jiménez
precisamente alega que León es responsable al propio Reyes
Jiménez de ciertas deudas que surgieron de ese contrato y que
tales deudas deben ser pagadas a Reyes Jiménez del fondo
depositado en el tribunal.   La sentencia dictada en el caso
anterior no puede servir de cosa juzgada en cuanto a esa
nueva controversia específica que ha surgido en este caso, en
cuanto a deudas concretas y determinadas.   La sentencia
contiene una norma general en cuanto a la obligación de León
de pagar las deudas que han surgido del contrato.   Reyes
Jiménez comparece en este litigio, no como contratista que
alegue tener derechos bajo el contrato (en cuyo carácter él
está obligado por la sentencia), sino como acreedor de León.
El tribunal de Bayamón debió haberle concedido al apelante
la oportunidad de demostrar y probar la realidad de su cré-
dito, de ser ciertas sus alegaciones.   Las alegaciones de las
partes plantearon una controversia sobre el hecho de si León
le adeuda ciertas sumas a Reyes Jiménez.   Esa controver-
sia no debe ser resuelta sin considerar la prueba que presenten
ambas partes, en el juicio correspondiente.

Se podría alegar que, en virtud de la sentencia anterior,
León es dueño exclusivo del fondo depositado en el tribunal y
que, por lo tanto, él debe tener el derecho a que se le entregue
la totalidad de la suma depositada que le pertenece, pudiendo
Reyes Jiménez entablar su reclamación como acreedor, de
tener alguna, en algún otro procedimiento, no habiéndose de-
mostrado, especialmente, que Reyes Jiménez tenga gravamen
legal alguno constituído sobre el fondo en sí.   Pero no pode-
mos olvidar que la suma depositada había sido reservada espe-

cíficamente por la Autoridad para el pago de deudas, de haber algunas. Ese era el destino especial del fondo reservado, y esa debe ser también la función del mismo fondo, ya depositado en el tribunal, por lo menos con respecto a la reclamación de Reyes Jiménez. De todos modos, lo más conveniente en este caso, a los fines de evitar una multiplicidad de litigios y de conceder a ambas partes garantías adecuadas, es que se posponga la entrega del fondo a León hasta tanto se dilucide en sus méritos la reclamación de Reyes Jiménez. Sobre esos méritos no estamos anticipando juicio alguno. Nos limitamos a resolver que la sentencia dictada en el caso anterior no es concluyente en cuanto a la reclamación de Reyes Jiménez contra León, con motivo de las deudas que se alega han surgido de la construcción de las obras, debiendo tener el apelante la oportunidad correspondiente de probar o demostrar la existencia y validez de su alegado crédito, antes de que se entregue suma alguna a León.

*Debe revocarse la sentencia apelada y devolverse el caso a la Sala de Bayamón del Tribunal Superior para que allí se sigan los procedimientos posteriores que no sean incompatibles con esta opinión.*